IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1150-WJM-NRN

DAIMEON MOSLEY,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC., a Virginia corporation,

    Defendant.

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL

Before the Court is the parties' Joint Motion for Approval of Settlement and for Dismissal (the "Motion"). (ECF No. 22.) The parties submitted a revised Settlement Agreement and Release (the "Settlement Agreement") for the Court's consideration on November 1, 2018. (ECF No. 24.) For the reasons discussed below, the Court grants the Motion and dismisses the action with prejudice.

On May 11, 2018, Plaintiff Daimeon Mosley ("Mosley") filed this action against Defendant Ross Dress for Less, Inc. ("Ross") for declaratory and injunctive relief alleging violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 *et seq*. ("ADA"). (ECF No. 1.) Mosley has permanent paralysis and requires assistance of a mobility device. (*Id.* ¶ 7.) Ross is a clothing store with locations at 7506 E. 36th Ave., Denver CO, 80238; 150 S. Abilene St., Aurora, CO, 80012; and 455 S. Wadsworth Blvd., Lakewood, CO, 80226 (collectively, the "Stores"). (*Id.* ¶ 18.) Mosley alleges that he encountered barriers at the Stores in violation of the ADA and its

implementing regulations.  (*Id.*)

On August 2, 2018, the parties filed the present motion asking the Court to approve the Settlement Agreement, retain jurisdiction to enforce the Settlement Agreement, and dismiss the case.  (ECF Nos. 22; 24.)  The parties conditioned the Settlement Agreement on Court approval of the same.  (ECF No. 24 at 4–5.)  Ross agrees to entry of the Settlement Agreement but denies any liability, act of wrongdoing, or violation of the ADA.  (*Id.* at 4.)  Under the terms of the Settlement Agreement, Ross agrees to make modifications to the Stores to increase accessibility within twelve months of the effective date of the settlement.  (*Id.* at 2, 7–8.)  Ross also agrees to pay Plaintiff's attorneys' fees and costs.  (*Id.* at 4.)  In return, Mosley agrees to release any claims against Ross related to the Stores arising under Title III of the ADA.  (*Id.* at 3.)  The parties seek dismissal with prejudice.  (ECF No. 22 at 1.)

The Motion states that the parties move to dismiss under Rule 41(b).  (ECF No. 22 at 1.)  Subsection (b) governs involuntary dismissal by a defendant when a plaintiff fails to prosecute or comply with the procedural rules or a court order.  Fed. R. Civ. P. 41(b).  The Court thus construes the joint motion as one under Rule 41(a)(1)(A)(ii) because it is signed by all parties who have appeared in the case.

A stipulation of dismissal under Rule 41(a)(1)(A)(ii) is typically self-executing and strips the court of jurisdiction over the merits.  *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011).  However, in certain cases, the Court may retain jurisdiction over a case "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Kokkonen v. Guardian Life Ins. Co.*

of Am., 511 U.S. 375, 380 (1994); *McKay v. United States*, 207 F. App'x 892, 894 (10th Cir. 2006). Thus, "[i]f the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so," and dismissal under Rule 41(a)(1)(A)(ii) conditioned on court approval and retention of jurisdiction is not self-executing. *Kokkenen*, 511 U.S. at 381. In such a case, "the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract[ ] if the parties agree." *Id.* at 381–82. Courts have acknowledged their ability to retain jurisdiction over settlement agreements in ADA cases where the parties have asked the court to do so. *See, e.g.*, *Disability Advocates & Counseling Grp., Inc. v. E.M. Kendall Realty, Inc.*, 366 F. App'x 123, 125 (11th Cir. 2010); *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014).

The Court has reviewed the Motion and Settlement Agreement. The parties request that dismissal be conditioned on the Court's retention of jurisdiction over the parties' settlement agreement. (ECF No. 24 at 4–5.)

In view of the foregoing, the Court finds that an order dismissing all claims asserted by Mosley against Ross should be entered. The Court expressly retains jurisdiction over the parties' Settlement Agreement (ECF No. 24), the terms of which are hereby incorporated into this Order. Therefore, the Court GRANTS the Motion and all claims are hereby dismissed with prejudice, with fees and costs allocated as provide for in the Settlement Agreement.

Dated this 2nd day of November, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge